UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Segundo P., <br><br> Petitioner, <br><br> v. <br><br> Todd M. Lyons, *in his capacity as Acting Director, Immigration and Customs Enforcement*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Pamela Bondi, *U.S. Attorney General*; Executive Office for Immigration Review; David Easterwood, *Field Office Director of St. Paul Field Office for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations*; and Warden Mike Jambor, *Jail Warden for the Kandiyohi County Jail*, <br><br> Respondents. | File No. 26-CV-91 (JMB/SGE) <br><br> ORDER |

---

Thomas R. Anderson III, Anderson & Anderson Law LLC, Minneapolis, MN, for Segundo P.

Lucas B. Draisey and Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Todd M. Lyons, Kristi Noem, Pamela Bondi, Executive Office for Immigration Review, and Warden Mike Jambor.

---

This matter is before the Court on Petitioner Segundo P.'s[1] Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].)

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

Respondents Todd M. Lyons, Kristi Noem, Pamela Bondi, Executive Office for Immigration Review, and Warden Mike Jambor (together, "Respondents") oppose the Petition. For the reasons explained below, the Court grants the Petition in part.

## FINDINGS OF FACT

1. Segundo P. is a citizen of Ecuador who entered the United States without inspection in June 2019. (Pet. at 4, 11.)

2. Segundo P. was placed in removal proceedings in June 2019, charged with, among other things, being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who had entered the United States without inspection. (*Id.*; *see also* Pet. Ex. A.) On June 28, 2019, he was released on his own recognizance. (Pet. Ex. K at 2.)

3. On March 9, 2024, Segundo P.'s removal proceedings were dismissed under an exercise of prosecutorial discretion by the Department of Homeland Security (DHS). (Pet. at 12; Pet. Ex. B.)

4. On October 17, 2024, Segundo P. applied for asylum and withholding of removal. (Pet. at 12; Pet. Ex. C.)

5. Segundo P. has no criminal history. (Pet. at 13; Pet. Ex. K at 3.)

6. On July 30, 2025, DHS reinitiated removal proceedings against Segundo P. by serving him with a second Notice to Appear, again charging him as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who had entered the United States without inspection. (Pet. at 12; *see also* Pet. Ex. D.)

7. On December 30, 2025, Segundo P. was arrested by officers of U.S. Immigration and Customs Enforcement (ICE) and remains in their custody. (Pet. at 12.)

8. On December 30, 2025, Segundo P. was scheduled for a bond redetermination hearing to be held on January 8, 2025. (Pet. at 12; Pet. Ex. G.)

9. On January 7, 2025, DHS filed an additional charge against Segundo P., charging him with being an immigrant who "at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document as required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act" (8 U.S.C. § 1182(a)(7)(A)(i)(I)). (Pet. Ex. H.)

10. On January 8, 2026, the immigration court where Segundo P.'s bond redetermination hearing was scheduled to take place closed, and the hearing did not take place. (Pet. at 13; Pet. Ex. I.)

11. On January 8, 2026, Segundo P. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.) Segundo P. seeks immediate release or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a). (*Id.* at 13, 17.) He also seeks an injunction prohibiting Respondents "from invoking the auto-stay provisions during any pending bond appeal, should the Immigration Judge issue a bond to him." (*Id.* at 13–15.) He also seeks related declaratory relief. (*See id.* at 17.)

12. On January 8, 2026, the Court ordered Respondents to file a response to the Petition by January 13, 2026 at 11:00 a.m. (Doc. No. 3.) Respondents timely filed a response. (Doc. No. 5.)

## DISCUSSION

Respondents generally oppose Segundo P.'s Petition, explaining that the Petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided" and that Respondents have appealed one such petition (*see Avila v. Bondi*, No. 25-3248 (8th Cir.)). (Doc. No. 5.) Respondents then incorporate by reference all of the arguments raised in the *Avila* appeal and request denial of the petition. (*Id.*) In this way, Respondents reiterate their argument that the detention of petitioners similarly situated to Segundo P. is mandatory pursuant to 8 U.S.C. § 1225(b). For the reasons discussed below, the Court concludes that because section 1225(b) is not applicable to him, Segundo P. is entitled to a bond hearing pursuant to section 1226(a)(1). The Court therefore grants Segundo P.'s Petition.[2]

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it

---

[2] Because Segundo P.'s arguments primarily concern his entitlement to a bond hearing, the Court determines that here, the bond hearing is the primary relief sought under 28 U.S.C. § 2241 and declines to address the remaining relief requested, including immediate release, declaratory relief, and injunctive relief concerning a hypothetical request for an "auto-stay" of an order by an immigration judge at the yet-to-occur bond redetermination hearing.

does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

The fundamental question raised in this case is whether Segundo P. is an applicant for admission under section 1225(b), or a noncitizen residing in the United States under section 1226.[3] In other cases, Respondents have argued that because Segundo P. is a noncitizen who is present in the United States without having been admitted, he is an

---

[3] Segundo P. argues that he is a member of the class certified under *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-1873, Doc. No. 92 (C.D. Cal. Dec. 18, 2025). (Pet. at 11.) The *Maldonado Bautista* class includes:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Segundo P. argues that as a class member, he is subject to that court's declaratory relief and final judgment holding that class members are not subject to mandatory detention and are instead entitled to a bond hearing under section 1226(a). (Pet. at 11.) Although, based on the factual findings above, it appears that Segundo P. meets the definition of a *Maldonado Bautista* class member, the Court does not address this in light of its independent determination that Segundo P. is entitled to a bond hearing pursuant to section 1226(a).

5

"applicant" for admission under section 1225(b) and therefore subject to mandatory detention under section 1225(b)(2). (Doc. No. 9 at 2.) Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 & n.22 (S.D.N.Y. Nov. 26, 2025) (noting that this interpretation had been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025) (collecting cases). This Court also finds Respondents' interpretation unpersuasive.

When interpreting a statute, "every clause and word of a statute should have meaning." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883)). Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b). This is because the statute itself states that, in order to apply, several conditions must be met; specifically, an immigration officer must determine that the noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present

6

participle "seeking." Here, section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929). In this case, Segundo P. has been residing in the United States and is, therefore, not currently "seeking admission" into the United States.

In addition, Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws. Specifically, interpreting section 1225(b)(2) as applying to noncitizens who have already entered the country and are not currently seeking admission into the country, as Respondents urge, would render meaningless a recent amendment to section 1226 by the Laken Riley Act (LRA). The LRA added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens lacking valid documentation *and* who have been charged with or convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). But if Respondents' interpretation of section 1225 were correct, then there would have been no need for the LRA to create these additional categories because all noncitizens who are present in the United States and have not been admitted would have already been ineligible for bond under section 1225(b)(2)(A).

The Court also agrees with those courts that have found that Respondents' interpretation of section 1225(b) is "at odds with both the relevant legislative history and longstanding agency practice." *Belsai D.S.*, 2025 WL 2802947, at *7; *see, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (discussing the longstanding practice

7

of treating noncitizens who resided in the United States, but who had entered without inspection, as being subject to section 1226(a)).  Indeed, the argument is even at odds with Respondents' practice in this case.  The fact that Respondents released him on his own recognizance in 2019 (Pet. Ex. K at 2), and then in 2025, scheduled Segundo P. for a bond redetermination hearing, which was cancelled simply because the immigration court facility where the hearing was to be held was closed (Pet. at 12–13; Pet. Exs. G & I), is further confirmation that he is subject to section 1226(a).

Segundo P.'s application for asylum does not change the conclusion.  The definition of "admission" in this context means "the lawful *entry* of the noncitizen into the United States after inspection and authorization by an immigration officer." *Barco Mercado*, 2025 WL 3295903 at *5 (quoting 8 U.S.C. § 1101(a)(13)(A) (emphasis altered)).  Even by applying for asylum, a "noncitizen who already has entered the United States illegally and is living here cannot be said to be actively seeking lawful *entry* into the United States," because the "entry, whether lawful or unlawful, occurred years ago." *Id.* (emphasis in original).  Other courts have reached this same conclusion under similar facts. *E.g.*, *Quishpe-Guaman v. Noem*, No. 4:25-CV-00211-TWP-KMB, 2025 WL 3201072, at *4 (S.D. Ind. Nov. 17, 2025) (finding it was "strong evidence" that the federal government earlier released a noncitizen on her own recognizance under section 1226 and rejecting Respondents' argument that her asylum application shows that she "is plainly seeking admission to the United States"); *Mayamu K. v. Bondi*, File No. 25-3035 (JWB/LIB), 2025 WL 3641819, at *4, 8 (D. Minn. Oct. 20, 2025) (concluding that despite a pending asylum

application, the petitioner's previous Order of Release on Recognizance under section 1226 precludes detention under section 1225).

Therefore, because section 1225(b) is inapplicable to Segundo P., he is subject to the provisions of section 1226, which "sets forth a discretionary process for the apprehension and detention of aliens who are already present in the United States and eligible for removal." *Selvin Adonay E.M. v. Noem*, No. 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *3 (D. Minn. Nov. 12, 2025). Pursuant to section 1226(a), Segundo P. is entitled to a bond hearing. 8 U.S.C. § 1226(a)(1)(2); *see also Belsai D.S.*, 2025 WL 2802947, at *5–6; *Jose Andres R.E.*, 2025 WL 3146312, at *1 n.2. For these reasons, the Court finds that Segundo P.'s detention is governed by section 1226(a), and he is not subject to section 1225(b)'s mandatory detention. Accordingly, the Court grants the Petition to the extent Segundo P. seeks a bond redetermination hearing.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED in part and DENIED in part, as follows:

1. Respondents must immediately provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), and in any event, on or before <u>5:00 p.m. CT on January 15, 2026</u>.

2. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.

3. On or before <u>10:00 a.m. CT on January 19, 2026</u>, Respondents shall provide the Court with a status update concerning the results of any bond hearing

   conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release.

4. Respondents shall not remove, transfer, or otherwise facilitate the removal of Petitioner from the District of Minnesota prior to compliance with Paragraphs 1–3 of this Order.

5. To the extent Petitioner seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 13, 2026          /s/ *Jeffrey M. Bryan*
                   Judge Jeffrey M. Bryan
                   United States District Court